<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DEAN FRAGOLA,** | **Civil Action No. 15-6281 (CCC)** |
|                          **Plaintiff,** | |
| **v.** | |
| **PlAINVILLE POLICE DEPARTMENT, SERGEANT NICHOLAS MULLINS, DETECTIVE POSADAS, PROSECUTING ATTORNEY DAVID LEE, PROSECUTING ATTORNEY PAUL ROTIROTI,** | <u>**OPINION**</u> |
|                       **Defendants.** | |

<u>**FALK, U.S.M.J.**</u>

This matter come before the Court upon Defendants Plainville Police Department, Nicholas Mullins, and David Posada's (collectively "Defendants") motion to dismiss the Complaint for improper venue, or in the alternative, to transfer the case to the United States District Court of Connecticut, pursuant to 28 U.S.C. § 1404(a). [ECF No. 7.][1] For the reasons stated below, the motion to transfer venue is **GRANTED**.

---

[1] As explained herein, the Court does not need to resolve Defendant's motion to dismiss arguments, which if necessary would be accomplished by way of Report & Recommendation. <u>See</u> 28 U.S.C. § 636 (b) (1) (B).

**BACKGROUND**

This action arises from the arrest and subsequent criminal conviction in Connecticut of plaintiff, Dean Fragola. Plaintiff is a resident of Newton, New Jersey. (Compl., ¶ 1.)  Plaintiff alleges that he is somehow involved in the production of adult films. According to Defendants the underlying criminal charges against Plaintiff stem from his purported attempt to help a young woman from Connecticut become a pornographic movie star (Def. Br. p.1). Without the victims permission, Plaintiff allegedly created posters using the victims photographs that were on her website and tweeted them on his account. (Compl., 7.)

The victim contacted the Connecticut authorities and explained that Plaintiff hacked into her accounts and posted pictures of her. (Compl., 9.) The Connecticut police charged Plaintiff with harassment, stalking and criminal impersonation. (Compl., 12.) At the behest of the Connecticut authorities, and pursuant to a search warrant signed by a New Jersey Superior Court Judge, Connecticut police officers searched and seized cell phones, computer, modem, and disc devices from Plaintiff. (Compl. 19.) Plaintiff was arrested in New Jersey and was held here for some time until he appeared in Connecticut. (Compl., 13(d).) Plaintiff was charged with third-degree theft, second-degree harassment, second degree stalking, and being a fugitive from Connecticut. (Compl., 14.) Plaintiff eventually pled guilty to certain of the charges. (Compl., 18.)

As a result of Plaintiff's arrest and subsequent conviction in Connecticut, Plaintiff instituted this action in the District of New Jersey, asserting various civil rights claims under 42 U.S.C. § 1983 against the Plainville Police Department ("PPD"), Connecticut police officers Nicholas Mullins and David Posadas, and two Connecticut state's attorneys. More specifically,

2

Plaintiff alleges, violations of the Fourth Amendment, Fifth Amendment Taking, and a civil conspiracy to violate Plaintiff's Constitutional rights. (Compl., 25-32.)

Defendants move to dismiss the case for improper venue, or in the alternative, transfer the case to the United States District Court of Connecticut.

## DISCUSSION

Defendants seek to dismiss the case for improper venue, or in the alternative to transfer the case to Connecticut. 28 U.S.C. § 1391 is the venue statute and it provides three bases for proper venue. Since all defendants are Connecticut citizens and residents, specifically Connecticut public entities and their employees, venue does not lie under 28 U.S.C. 1391(1). It appears that most if not all of the complained of activities occurred in Connecticut, not in New Jersey. However, some events did occur in New Jersey. Thus, it seems unlikely that venue is proper under 28 U.S.C. § 1391 (2). Venue under 28 U.S.C. §1391(3) is not meaningfully addressed by the parties. Thus, under the circumstances, and since it is presented as an alternative request, the Court will focus on transfer pursuant to 28 U.S.C. § 1404(a).

### A. *Transfer of Venue pursuant to 28 U.S.C. 1404(a)*

Section 1404(a) provides broad authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice" and serves "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). The decision to transfer a case under Section 1404(a) is highly discretionary. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973); Cadapult Graphic Sys., Inc.v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000). The purpose of section 1404(a) "is to prevent the waste of 'time, energy, and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expenses...'" Ricoh Co., ltd. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)).

As a threshold matter, the Court must decide whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in the transferee district in the first instance. Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999). Here, there is no doubt that this case could have been properly brought in the District of Connecticut. All of the Defendants are public entities of Connecticut, and a substantial portion, if not all, of the events giving rise to plaintiff's claim occurred in Connecticut.

## B.  Balance of Interests

The transfer statute identifies certain criteria to be considered: the convenience of parties; the convenience of witnesses; and the interests of justice.  28 U.S.C. § 1404(a).   The Third Circuit has articulated a more comprehensive list of public and private concerns implicated by § 1404(a).  Private concerns include but are not limited to: (1) plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of their financial and physical condition; (5) availability of witnesses in each of the fora; and (6) the location of books and records. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995).

Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. Id.  Thus, courts consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum."  Id.; see also Clark v. Burger King Corp., 255 F.Supp.2d 334, 337 (D.N.J. 2003).  The "analysis is flexible and must be made on the unique facts of each case."  Calkins v. Dollarland, Inc., 117 F. Supp.2d 421, 428 (D.N.J. 2000) (citations omitted).

4

**1. <u>Private Factors</u>**

The transfer analysis here is remarkably simple. Nearly everything about this case emanated from Connecticut and is in Connecticut. New Jersey's only connection is that plaintiff resides here and was arrested here, pursuant to a Connecticut formal legal request. While plaintiffs choice of forum is entitled to some consideration it is certainly not conclusive and when the bulk of plaintiffs claim occurred in the transferee venue, plaintiffs choice of forum may be disregarded. <u>Moreau v. Wallgreens</u>, Civ. No. 06-3347 (JLL), 2009 WL 192467 (D.N.J. Jan 27, 2009).

Convenience of the witnesses and access to sources of proof are important considerations in the 1404(a) analysis. <u>See</u> <u>Teleconference Sys. v. Proctor & Gamble Pharm., Inc</u>, 676 F. Supp.2d 321, 331 (D. Del. 2009). All of the defendants are Connecticut public entities and their employees. It is questionable whether certain are even subject to suit in New Jersey. Certainly, it would be demonstrably inconvenient for Connecticut public entities to litigate in New Jersey. Conversely, plaintiff, who apparently voluntarily appeared in Connecticut for his criminal proceedings, has not demonstrated any meaningful inconvenience from having to prosecute this case in Connecticut.  Also, all of the relevant documents, including law enforcement records detailing the investigation outlining the history of plaintiff's criminal conduct along with the property taken from plaintiff's home, are located in Connecticut. Indeed, nearly all of the witnesses appear to be in Connecticut and no New Jersey witnesses have been identified. Thus there is no need to address each of the private factors individually, since they overwhelmingly demonstrate that transfer is warranted.

**2.  <u>Public Factors</u>**

The public interest factors also mandate transfer. The primary locus of the dispute is in Connecticut.  The principal events giving rise to plaintiff's claims took place in Connecticut and

plaintiff's alleged criminal acts which gave rise to the instant action were directed to a victim in Connecticut. Thus, nearly all of the operative facts occurred in Connecticut. See Delta Air Lines, Inc. v. Chimet, S.P.A., 619 F.3d 288, 300 (3d Cir. 2010) (quotations omitted) ("In evaluating the public interest factors the district court must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum."). Thus, Connecticut has the primary interest in resolving the issues in this dispute.

Although not decisive here, it should be mentioned that the public factor of court congestion also weighs in favor of transfer. Official Court statistics maintained by the Administrative Office of the U.S. Courts indicate that New Jersey is a heavily trafficked district, and that it takes longer for a case to reach trial in New Jersey than in Connecticut. See United States Courts, Statistics & Reports; see also McNulty v. J.H. Miles & Co., Inc., 913 F. Supp. 2d 112, 122 (D.N.J. 2012) ("[W]hen considered in relation to the lack of substantial events occurring in this District, this factor [relative court congestion] weighs rather strongly in favor of transfer."). Therefore, a transfer to the District of Connecticut may permit the matter to proceed to resolution more quickly.

In sum, all of the private and public factors are better served by transfer. Based on consideration of the totality of the circumstances and in the interests of justice, the District of Connecticut is by far the most appropriate and perhaps only convenient forum for this case.[2]

## CONCLUSION

For the reasons set forth above, Defendants' motion to transfer is **granted**. The Clerk's Office shall take no action on transfer of this case for 14 days. See L. Civ. R. 72.1(c)(1)(C). A

---

[2]A purported Amicus Curiae brief was submitted without permission by *pro se* Mary Fragola, who is apparently plaintiff's sister. The brief attempts to support New Jersey venue for reasons apparently relating to a family estate matter in Pennsylvania. It does not alter the transfer analysis in any way.

separate Order accompanies this Opinion.

s/ Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**DATED: May 20, 2016.**