UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEAN FRAGOLA,
    *Plaintiff*,

v().

PLAINVILLE POLICE DEPARTMENT,
*et al.*,
    *Defendants*.

No. 3:16-cv-886 (JAM)

## ORDER GRANTING DISMISSAL

Plaintiff has filed this civil rights suit against a police department, police officers, and prosecutors arising from events that led to his conviction in Connecticut state court. Three of the five defendants have moved to dismiss, and plaintiff has failed to file a response. Because I conclude that plaintiff has failed to state a claim against any of the defendants, I will dismiss this action.

### BACKGROUND

According to his complaint, plaintiff Dean Fragola responded to an advertisement on the internet placed by a woman that was trying to "break into the porn business." Doc. #1 at ¶ 5. Plaintiff offered to assist the woman in her pursuit of an adult film career, reaching out to her by text, e-mail, and a voice message, and creating posters of her photographs and posting her pictures on his twitter account. *Id.* at ¶¶ 5–7. The woman then "decided to lie to police and tell them that he had hacked into her accounts." *Id.* at ¶ 9. Police conducted a search of plaintiff's residence, *id.* at ¶13, and seized items of his personal property. *Id.* at ¶19. Plaintiff was charged in Connecticut state court and ultimately pled guilty to misdemeanor charges of second-degree harassment, criminal impersonation, and second-degree stalking. He was sentenced to up to one year of incarceration, execution suspended, and a conditional discharge for 2 years. *Id.* at ¶¶ 14,

18; *see also* Doc. #40-3 at 2 (conviction case detail from judicial branch website, indicating suspension of jail time and 2 years of conditional discharge).

Plaintiff now brings this civil rights action against defendants Plainville Police Department, Sergeant (now Lieutenant) Nicholas Mullins, Detective David Posadas, and prosecuting attorneys David Lee and Paul Rotiroti pursuant to 42 U.S.C. § 1983. His complaint alleges three claims: (1) false arrest and false imprisonment in violation of the Fourth Amendment; (2) a "takings" of his property under the Fifth Amendment; and (3) a civil conspiracy to violate his civil rights.

## DISCUSSION

On November 4, 2016, defendants Mullins, Posadas, and the Plainville Police Department (the "Plainville defendants") filed a motion to dismiss plaintiff's claims for failure to state a claim. Plaintiff never filed a response to the motion to dismiss or any motion for extension of time.[1] For this reason and because, as discussed below, the pleadings do not provide sufficient grounds to deny the motion, the motion to dismiss is granted pursuant to D. Conn. L. Civ. R. 7(a)(2).

In addition, I have also considered the merits of defendants' motion to dismiss and conclude that the complaint fails to state a claim for substantially the reasons set forth in their supporting memorandum of law. First, as to plaintiff's claim under the Fourth Amendment, plaintiff's claim necessarily calls into question the validity of his convictions, and therefore his

---

[1] During the course of a teleconference this afternoon, plaintiff's counsel stated that she had not filed a response because she had not been able to reach her client. The Court does not consider this a satisfactory reason for counsel's failure to file a response, because counsel never filed a motion for extension of time citing this reason. Moreover, it came to light during the course of the teleconference that plaintiff has failed to timely respond to defendants' discovery request. In addition, plaintiff's counsel has previously delayed this case by failing to timely file a Rule 26(f) report. *See* Docs. #30, #36. This overall course of dilatory conduct should not be rewarded with the grant of additional extensions of time. Because it is plaintiff through counsel who has filed this lawsuit seeking relief from the Court and from the defendant parties, it is not too much to ask that plaintiff's counsel have complied with the Court's rules.

claim is foreclosed by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Moreover, the fact of his convictions negates his ability to make the requisite showing that there was no probable cause for his arrest and imprisonment. *See Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004). Second, as to plaintiff's takings claim, plaintiff has not exhausted state remedies. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194–95 (1985); *Komondy v. Gioco*, 59 F. Supp. 3d 469, 476–78 (D. Conn. 2014). Lastly, plaintiff's conspiracy claim fails for lack of an actionable constitutional claim of misconduct.

Plaintiff's claims against the defendant prosecutors are also subject to *sua sponte* dismissal on the same grounds pursuant to 28 U.S.C. § 1915(e)(2)(B). In addition, prosecutors have absolute immunity from suits for money damages arising from the exercise of their traditional prosecution functions. *See Imbler v. Pachtman*, 424 U.S. 429, 430–31 (1976); *Giraldo v. Kessler*, 694 F.3d 161, 165–67 (2d Cir. 2012).

## CONCLUSION

For the foregoing reasons, the Plainville defendants' motion to dismiss (Doc. #40) is GRANTED. This case is otherwise dismissed as to the prosecutor defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is with prejudice for lack of any indication that the deficiencies in the complaint could be cured by amendment. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven, Connecticut, this 22nd day of February, 2017.

                                              /s/ *Jeffrey Alker Meyer*
                                              Jeffrey Alker Meyer
                                              United States District Judge